J-S78040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANCIS TIMOTHY PLAZA, | : | |
| | : | |
| Appellant | : | No. 318 MDA 2014 |

Appeal from the PCRA Order entered on February 11, 2014
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0005283-2009

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 19, 2015**

Francis Timothy Plaza ("Plaza") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In a prior appeal, this Court summarized the history underlying the instant appeal as follows:

> On July 25, 2009, Plaza shot his wife, Michelle Plaza ("the victim"), six times, killing her in their bedroom.  After the shooting, Plaza told his oldest son, Christopher, that he "did something bad," that he "shot his mother," and to call 9-1-1. Christopher called 9-1-1 and attempted CPR to resuscitate the victim, and Plaza instructed him to stop, saying, "just let her there, let her there."
>
> Plaza was arrested and charged with criminal homicide. [**See** 18 Pa.C.S.A. § 2501.]  At trial, [Plaza] testified [that] he was upset with the victim on the night in question because she was constantly on her computer and did not spend time with

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

him. He unplugged the modem in an attempt to get her off the computer, and she started filling out what he believed may have been an application for a house or an apartment. He went into the bedroom to figure out what he should do. He began to tidy up his dresser drawers as he contemplated leaving for New York for the weekend.

While straightening up his dresser drawers, he saw his loaded Taurus double-action revolver in his drawer, which he testified he had there for protection purposes. Plaza said that he realized he should put the gun in his gun safe in the event he left town for the weekend, and took it out of the drawer in its holster. Prior to getting to the safe, the victim walked into the room and said she was going to shower. Plaza stated that he quickly hid the gun under the comforter, as he did not want the victim to see the gun in his hands after they had been arguing. He testified that he planned to put the gun in the safe when the victim got into the shower.

He asked the victim to sit down, and they engaged in a lengthy conversation, with the victim sitting at the head of the bed, and Plaza at the foot of the bed. Plaza stated that the victim told him that she was leaving him, that her life had been a lie, and that she did not love him anymore, laughing as he cried. He further stated that the victim pulled her hand away from his when he reached out to touch her, threatening to call the police. Plaza testified that this was the first he had heard that his wife was planning to leave him, and he became enraged. He lay across the foot of the bed crying, and his hand brushed the gun. According to Plaza, the next thing he knew, he was holding the gun in his hand, and his wife was dead. He stated he did not remember shooting her. Although trained in CPR, he testified that he did not attempt to resuscitate his wife, as he did not see her breathing, and thus knew his efforts would be futile.

*Commonwealth v. Plaza*, 34 A.3d 242 (Pa. Super. 2012), unpublished memorandum at 1-3.

After a jury trial, Plaza was convicted of first degree murder, and sentenced to life in prison. This Court affirmed Plaza's judgment of

sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *See id.*, *appeal denied*, 2012 Pa. LEXIS 2631.

On October 9, 2013, Plaza timely filed a Petition for relief pursuant to the PCRA. The PCRA court appointed counsel for Plaza, who filed an Amended PCRA Petition. On December 13, 2013, the Commonwealth filed a Motion to dismiss the PCRA Petition. After an evidentiary hearing, the PCRA court denied Plaza's Petition. Thereafter, Plaza timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Plaza now presents the following claims for our review:

1. Whether the [PCRA] Court erred in denying relief on the issue that [trial counsel] was ineffective for failing to call Dr. Paul DiKun ["Dr. DiKun"[2]] to testify regarding [Plaza's] state of mind at the time of the incident?

2. Whether the [PCRA] court erred in denying relief on the issue that [direct appeal counsel] was ineffective in not preserving these issues on appeal?

Brief for Appellant at 4.

Plaza first claims that his trial counsel rendered ineffective assistance by failing to call Dr. DiKun as a witness at trial. *Id.* at 8. Plaza states that his only defense for shooting his wife "was that he acted in the heat of passion." *Id.* at 9. Plaza contends that his trial counsel rendered ineffective assistance by not calling Dr. DiKun to help bolster his claim. *Id.* According

---

[2] Dr. DiKun had prepared an expert report stating his belief that Plaza had acted in the heat of passion.

to Plaza, Dr. DiKun would have provided a medical explanation of Plaza's state of mind, and that he had a higher chance of success if Dr. DiKun would have been called upon to testify. *Id.* Plaza contends that his trial counsel failed to have Dr. DiKun testify "due to his belief that the Commonwealth had a better expert." *Id.*

We review the findings of a PCRA court "to see if they are supported by the record and free from legal error." *Commonwealth v. Reyes*, 870 A.2d 888, 893 n.2 (Pa. 2005). On appeal,

> [t]his Court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth. *See*, *e.g.*, *Commonwealth v. Duffey*, 585 Pa. 493, 889 A.2d 56, 61 (Pa. 2005); *Commonwealth v. Meadius*, 582 Pa. 174, 870 A.2d 802 (Pa. 2005). In addition, "[t]he level of deference to the hearing judge may vary depending upon whether the decision involved matters of credibility or matters of applying the governing law to the facts as so determined." *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (Pa. 2007) (citations omitted).

*Commonwealth v. Fahy*, 959 A.2d 312, 316 (Pa. 2008).

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008). With regard to the second, *i.e.*, the "reasonable basis" prong,

this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. **Commonwealth v. Dennis**, 950 A.2d 945, 954 (Pa. 2008).

In its Opinion, the PCRA court addressed Plaza's claim and concluded that it lacks merit. **See** PCRA Court Opinion, 6/9/14, at 3. The PCRA court's findings are supported in the record, and its reasoning is sound. Accordingly, we affirm on the basis of the PCRA court's Opinion with regard to this claim. **See id.**

Plaza next claims that his prior counsel, Anthony Tambourino, Esquire ("Attorney Tambourino"), rendered ineffective assistance by not preserving his ineffectiveness claim related to Dr. DiKun. Brief for Appellant at 10. Plaza argues that "as Dr. DiKun should have been called to testify, Attorney Tambourino was ineffective for withdrawing that issue prior to the first PCRA hearing and not preserving that issue on appeal." **Id.**

Our review discloses no error or abuse of discretion in the PCRA court's rejection of Plaza's claim regarding Dr. DiKun. As the PCRA court determined, trial counsel had a reasonable basis for his failure to present Dr.

DiKun as a witness. PCRA Court Opinion, 6/9/14, at 3. Because we affirm the PCRA court's rejection of the underlying claim, Plaza suffered no prejudice resulting from Attorney Tambourino's failure to raise this claim on appeal. As a result, we cannot grant Plaza relief on this claim. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1128 n.10 (Pa. 2007) (recognizing that the failure to satisfy any prong of the ineffectiveness test will require rejection of the claim); *see also Commonwealth v. Dennis*, 950 A.2d at 954 (stating that to establish prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction);

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :     NO. CR-5283-2009

             v.          :

FRANCIS T. PLAZA            :

APPEARANCES:

     THOMAS L. KEARNEY, Esq.
     For the Commonwealth

     SEAMUS D. DUBBS, Esq.
     For the Defendant/Appellant

2014 JUN -9 PM 2:49
DON O'SHELL
CLERK OF COURTS
RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER

## OPINION PURSUANT TO RULE OF APPELLATE PROCEDURE 1925(a)

On February 19, 2014 Appellant filed a Notice of Appeal from this court's order of February 11, 2014, which denied Appellant's Amended Petition for Relief under the Post Conviction Collateral Relief Act (PCRA). On February 24, 2014 we directed Appellant to file a Concise Statement of Errors pursuant to Rule 1925(b), which was in fact filed on March 17, 2014. We now issue the following Opinion:

### FACTS AND PROCEDURAL HISTORY

On July 25, 2009 Appellant shot and killed his wife, Michelle Plaza, in the bedroom of their home. The factual background of this matter is detailed in this court's opinion issued March 9, 2011 and the Superior Court of Pennsylvania's opinion issued November 9, 2011 (137 MDA 2011), both of which are incorporate herein by reference.

On August 18, 2010, following a three day jury trial, Appellant was found guilty of

1

first degree murder (18 Pa.C.S. § 2502(a)). Appellant was sentenced to the mandatory term of life imprisonment on September 30, 2010. Following the denial of his post-sentence motion on December 20, 2010, Appellant appealed to the Superior Court of Pennsylvania, which affirmed our decision by way of opinion issued November 9, 2011 (137 MDA 2011). On December 3, 2012 the Supreme Court denied Appellant's Petition for Allowance of Appeal. Appellant then filed a Motion for Post Conviction Collateral Relief on October 9, 2013, to which the Commonwealth responded with a Motion for Dismissal filed December 13, 2013. Appellant's PCRA claims were denied on February 11, 2014 following an evidentiary hearing, and it is from that denial Appellant now seeks relief.

## DISCUSSION

Appellant raises the following two issues on appeal: (i) whether this court erred in denying relief on the claim that Attorney Joseph was ineffective for failing to call Dr. Paul DiKun to testify regarding Defendant's state of mind at the time of the incident; and (ii) whether this court erred in denying relief on the claim that Attorney Tambourino was ineffective in not preserving issues on appeal or including them on the appeal.

Appellant is eligible for post conviction relief only if counsel's act or omission "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 72 Pa.C.S. 9543(a)(2)(ii). *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) requires Appellant establish both inadequate performance and prejudice in order to be eligible for relief. Under the three-prong *Pierce* test, Appellant must demonstrate each of the following: (i) the issue underlying the claim

2

of ineffectiveness has arguable merit, (ii) defense counsel's act or omission was not reasonably designed to advance the interests of the Appellant, and (iii) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* As to the second prong of the *Pierce* test, it is important to note defense counsel is accorded broad discretion in determining trial tactics and strategy. *Commonwealth v. Thomas*, 744 A.2d 713, 717 (Pa. 2000).

Appellant argues Attorney Joseph was ineffective for failing to call Dr. Paul DiKun to testify regarding Defendant's state of mind at the time of the killing. This argument lacks merit, as Attorney Joseph's decision was reasonably designed to advance Appellant's interests, and Appellant was not prejudiced by said decision. At the hearing on the post-sentence motion, Attorney Joseph testified that he received reports from the defense's expert as well as the Commonwealth's expert, and he felt the reports were extremely damaging to Appellant. *N.T. at 20-22.* He was also concerned the Commonwealth's expert had loftier credentials than the defense's expert. Further, the record reveals Appellant agreed to this trial strategy. *N.T. at 20.* Trial counsel thus had a reasonable basis for the decision not to call Dr. DiKun to testify.

Appellant also argues Attorney Tambourino was ineffective in not preserving issues on appeal or including them on the appeal. Appellant does not specify the issues to which he is referring; however, they presumably relate to several ineffectiveness allegations raised in Appellant's PCRA petition filed February 11, 2014. The claim regarding the failure to call Dr. DiKun has been addressed above. Two additional ineffectiveness claims allege failure to advance a provocation or heat or

3

passion defense; however, the record clearly demonstrates this defense was vigorously argued by trial counsel and put before the jury. Yet another claim of ineffectiveness relates to trial counsel's purported failure to offer mitigating evidence at the time of sentencing. First degree murder carries a mandatory life sentence, and no amount of mitigating evidence would change this fact.

The remaining ineffectiveness claims relate to trial counsel's alleged failure to secure phone records and to object to statements concerning a 911 call placed by Appellant's son. Even if we were to assume for the sake of argument that trial counsel lacked a reasonable basis for such decisions, Appellant's argument still fails because Appellant did not suffer any prejudice. Rather, trial counsel's decisions arguably benefited Appellant's cause. In any event, the evidence that Appellant murdered his wife with the specific intent to kill was so overwhelming that the alleged ineffectiveness of trial counsel had no impact on the outcome of this case. As the Superior Court of Pennsylvania pointed out in this very matter, there is no question Appellant is the person responsible for killing the victim (he admitted as much to his son and to this Court), and Appellant's decision to shoot the victim five (5) times in the chest, a vital part of the body, establishes both malice and specific intent to kill the victim. Further, the forty-five (45) minute conversation Appellant had with his wife just prior to murdering her provided a sufficient cooling off period to discredit Appellant's heat of passion defense. In light of these undisputed facts, it is clear the alleged ineffectiveness of counsel had no impact on the outcome of the case.

4

## CONCLUSION

This Court has thoroughly reviewed all of the relevant pleadings and transcripts in this matter. We rely on and incorporate those matters, including the within Opinion as its 1925(a) Opinion in the above-captioned matter.

BY THE COURT,

Date: June 2, 2014

John S. Kennedy, Judge