744 A.2d 713

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Brian THOMAS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Aug. 5, 1997.

Decided Jan. 18, 2000.

Reargument Denied March 3, 2000.

Steven Morley, Robert Brett Dunham, Philadelphia, for Brian Thomas.

Catherine Marshall, Philadelphia, Robert A. Graci, Harrisburg, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION OF THE COURT*

CASTILLE, Justice.

Appellant appeals from the trial court's denial of his petition under the Post Conviction Relief Act ("PCRA") claiming that the PCRA court erred in denying the appellant's petition without a hearing.[1] Because we find that the PCRA court acted within its discretion by denying appellant's petition on the basis of the record before it, we affirm.

In February of 1986, a jury found appellant guilty of murder in the first degree, burglary, involuntary deviate sexual intercourse and rape. Following a sentencing hearing, the same jury sentenced appellant to death. On June 17, 1989, this Court affirmed the sentence of death on direct appeal.[2]

---

**1.** 42 Pa.C.S. § 9541 *et seq.*

**2.** The facts of this case are set forth in extensive detail in this Court's opinion on direct appeal and will not be repeated here. *See Commonwealth v. Thomas,* 522 Pa. 256, 561 A.2d 699 (1989).

As a threshold issue, appellant argues that the PCRA court erred in denying his petition without first conducting an evidentiary hearing. Rule 1509 of the Rules of Criminal Procedure, governing PCRA petitions in capital cases, grants authority to the PCRA court, after a review of the petition, answer and other matters of record, to determine whether an evidentiary hearing is required. Here, appellant requested an evidentiary hearing on the issues raised in his PCRA petition, but the PCRA court determined that a decision could be made from the existing record and denied appellant's hearing request. Our review of the PCRA petition and the record before the PCRA court indicates that the PCRA court acted within its discretion in refusing appellant's request for an evidentiary hearing.

In order to be eligible for relief under the PCRA, appellant must show, *inter alia*, that his claims have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). A number of appellant's claims have previously been decided by this Court on direct appeal; therefore, those claims will not be reviewed.[3] The Commonwealth argues that the remainder of appellant's issues are waived because they were not raised on direct appeal. We agree with the Commonwealth that the majority of appellant's claims are waived.

The scope of the PCRA is set forth in 42 Pa.C.S. § 9542:

This subchapter is not intended to limit the availability of remedies in a trial court or on direct appeal from the

---

3. On direct appeal, this Court rejected appellant's claims that his trial counsel was ineffective for failing to present mitigation evidence in the penalty phase of his trial (*Thomas*, 522 Pa. at 278–79, 561 A.2d at 710)(appellant raises this issue twice in this appeal, the second time claiming counsel was ineffective per se), that the trial court's instruction on the aggravating circumstance of torture was inappropriate (*Id.* at 277, 561 A.2d at 709), and that his 1984 conviction for criminal trespass did not involve the use or threat of violence (*Id.* at 276, 561 A.2d at 708–09). In addition, appellant revisits the claim that his trial counsel was ineffective for failing to present mitigating evidence under the guise of a claim that he was denied assistance of counsel in the penalty phase because his counsel did not present mitigating evidence. The issue of the presentation of mitigating evidence, in all its possible manifestations, was determined by this Court's previous decision.

judgment of sentence, *to provide a means for raising issues waived in prior proceedings* or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases. (emphasis added)

The clear import of this section is that the legislature intended that the PCRA does not resuscitate waived claims and that the PCRA's waiver provisions apply to capital cases.

The version of the PCRA in effect at the time appellant filed his petition provided, in pertinent part:

> (a) General rule.—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

\* \* \*

> (3) That the allegation of error had not been previously litigated and one of the following applies:
>
> (i) The allegation of error has not been waived.
>
> (ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.
>
> (iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S. § 9543(a)(3). Thus, appellant must demonstrate, by a preponderance of the evidence, that his claims of error have not been waived, or, if waived, that they meet the requirements of either subsection (ii) or (iii) of § 9543. Failing such a showing, his claims cannot be reviewed under the PCRA.

This Court has held that the "relaxed waiver" rule applicable to direct appeals of capital cases does not apply to appeals from post-conviction proceedings in capital cases. *Commonwealth v. Pursell*, 555 Pa. 233, 252–54, 724 A.2d 293, 303 (1999). For the purposes of the PCRA in effect at the time of

appellant's petition, an issue is waived "if it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter." 42 Pa.C.S. § 9544(b).

Here, appellant raises twenty-three separate issues in this post-conviction proceeding. Five of those issues were previously litigated on direct appeal. See footnote 3, supra. The remainder raise questions of trial court error, prosecutorial misconduct and ineffectiveness of counsel. The majority of the claims related to trial court error and prosecutorial misconduct are waived.[4] 42 Pa.C.S. § 9544(b). Thus, we will

**4.** Steven Morley, appellant's present counsel, filed the amended PCRA petition that is the subject of this appeal. Attorneys with the Center for Legal Education, Advocacy and Defense Assistance (CLEADA) have joined Morley on the briefs to this Court; however, Morley, not CLEADA, remains counsel of record for appellant. The following claims of trial court error and prosecutorial misconduct are waived because they were not raised in appellant's amended PCRA petition filed by Morley:

(1) the trial court erred in failing to conduct, sua sponte, an investigation into appellant's competence to waive his right to present mitigating evidence;

(2) appellant's conviction must be reversed because his counsel may not have received a copy of the presentence report (which found appellant competent to be sentenced) prior to his sentence;

(3) the verdict and sentence are unreliable due to an allegedly hostile relationship between a juror and appellant's wife;

(4) the jury misunderstood the meaning of life in prison without the possibility of parole;

(5) the trial court's reasonable doubt instruction was defective;

(6) the trial court failed to instruct the jury on reasonable doubt at the penalty phase;

(7) the trial court's penalty phase instruction on the preponderance of the evidence was defective;

(8) the prosecutor engaged in misconduct when he stated that a second sentencing stage might follow the guilt phase and when he allegedly threatened appellant's wife in order to keep her from testifying; and

(9) the cumulative effect of these errors warrants a new trial.

In addition, the following claims were raised by appellant in his amended PCRA petition as claims of ineffectiveness of trial counsel but not appellate counsel and are therefore waived:

(1) appellant was not competent to waive his right to present mitigating evidence;

(2) the prosecution's "bite mark" testimony should have been precluded;

(3) the jury was not life qualified; and

consider only the claims of ineffectiveness of counsel that were not previously litigated.

 Appellant's first ineffectiveness claim is that his counsel was ineffective for failing to object to the trial court's penalty phase instructions that, appellant alleges, violated *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). Specifically, appellant contends that the trial court's instructions failed to inform the jury that it is not required that mitigating circumstances be unanimously found and that the instructions created the misimpression that mitigating circumstances must be found unanimously. The trial court instructed the jury that "your verdict must be a sentence of death if you unanimously find at least one aggravating circumstance and no mitigating circumstance or if you unanimously find one or more aggravating circumstances which outweigh any mitigating circumstances." N.T. 2/5/86 at 66. First, *Mills* was not decided at the time of appellant's 1986 trial; thus, his trial counsel cannot be ineffective for failing to raise an objection to the jury charge based upon *Mills*, and his appellate counsel was not ineffective for failing to raise this meritless claim of ineffectiveness of trial counsel on direct appeal. Second, the trial court's instruction to the jury directly tracks the statutory language, and this Court has upheld an identical instruction in *Commonwealth v. Banks*, 540 Pa. 143, 150, 656 A.2d 467, 470 (1995). Therefore, this claim lacks merit.

Appellant's second claim of ineffectiveness — that counsel was ineffective in trial preparation, in litigating pre-trial motions and in failing to conduct a crime-scene investigation — is completely undeveloped. Appellant cites not one single action counsel should have taken that he failed to take, nor does appellant point to a single shred of evidence that his counsel

(4) claims of prosecutorial misconduct that the prosecutor referred during his guilt-phase closing argument to his experience as a prosecutor; and during his penalty phase closing, referred again to his experience and to appellant's future dangerousness.

Finally, appellant's claim that the prosecutor committed misconduct when he referred to the pain and suffering of the victim is waived because it is not argued as an ineffectiveness of counsel claim.

might have turned up had he conducted an independent crime-scene investigation. Appellant also fails to demonstrate that a different result might have obtained had counsel conducted his trial preparation differently or that he was prejudiced thereby. This court has repeatedly held that we will not consider ineffectiveness claims in a vacuum. *Commonwealth v. Morris*, 546 Pa. 296, 312, 684 A.2d 1037, 1045 (1996). Thus, we will not find counsel ineffective here where appellant fails to allege with specificity sufficient facts in support of his claim.

Appellant next claims that his trial counsel was ineffective for failing to cross-examine certain prosecution witnesses adequately, for failing to call additional defense witnesses and for failing to object to the admission of a hatchet into evidence.[5] Appellant argues that his trial counsel did not adequately cross-examine two witnesses, St. Clair Holman and Janet Lomax, whose testimony, he contends, would have shown that the victim and her boyfriend argued shortly before the murder, thereby creating the possible inference that the victim's boyfriend actually committed the murder.

The record belies this claim. Appellant's trial counsel cross-examined Holman, who stated that the victim and her boyfriend had never argued in his presence. N.T. 2/3/86 at 35–38, 46, 50. Trial counsel did not cross-examine Lomax for the simple reason that trial counsel had called Lomax as a witness on direct. Furthermore, Lomax's testimony does not support the theory that the victim's boyfriend is actually the murderer. N.T. 2/4/86 at 118–26. Trial counsel cannot be found ineffective where the testimony elicited from witnesses did not support the theory of the crime espoused by appellant.

Appellant argues that his counsel should have called a police sergeant who allegedly wrote in a report that Holman told the officer that he heard the victim and her boyfriend arguing and that the victim's boyfriend did not seem very

5. On direct appeal, we found that the hatchet in question was admissible as a possible weapon used during the murder. *Commonwealth v. Thomas*, 522 Pa. at 273–74, 561 A.2d at 707. Counsel cannot be ineffective for failing to object to the introduction of relevant and admissible evidence. Therefore, his claim of ineffectiveness fails.

upset by her death. Holman's testimony at trial was that the victim and her boyfriend had never argued in his presence. The level of emotion shown by the boyfriend on the night of the murder is not proof that he committed the crime. Appellant has failed to demonstrate how this officer's testimony might have affected the outcome of the trial given that both Holman and the boyfriend testified and were cross-examined on these very issues.

Next, appellant claims that his counsel failed to call certain witnesses who would have testified to seeing the victim in a bar prior to the murder with two men, one of whom the witnesses identified as appellant. The witnesses supposedly would have given contradictory descriptions of the two men who were with the victim, thereby diluting the identification of appellant. Trial counsel, instead of calling these witnesses, made the strategic decision to call only one witness who testified that he saw the victim in the bar with her boyfriend. This testimony was consistent with appellant's theory that the boyfriend actually murdered the victim. Therefore, it was a reasonable strategy by counsel not to call the witnesses and was therefore not ineffective assistance.

Finally, appellant claims that the record before this Court is inadequate to determine the prejudicial nature of crime scene photographs introduced into evidence at trial and seeks a remand to determine the location of the photographs so that the claim can be fairly evaluated.[6] Appellant's counsel, however, points out the frivolity of this claim by conceding that the photographs are, indeed, a part of the record before this Court and that the photographs were made available to appellant's counsel. Thus, this claim is totally disingenuous.

Accordingly, because the issues raised by appellant have been previously litigated, waived, or are meritless, the PCRA

6. In his amended PCRA petition, this claim is raised as a claim of ineffectiveness of trial and appellate counsel, arguing that the photographs were unduly prejudicial. The PCRA court found that the photographs were admitted after appellant's trial counsel cross-examined a detective about the state of the victim's body and that they would have been admissible by the prosecution on direct because they were relevant.

court acted within its discretion by denying appellant a hearing, and we affirm the order of the PCRA court denying relief to appellant.