J-S07038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROOSEVELT WARDEN | |
| Appellant | No. 1019 MDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001670-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 10, 2015**

Roosevelt Warden appeals from the order entered June 2, 2014, in the Schuylkill County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Warden seeks relief from the judgment of sentence imposed September 25, 2013, following his guilty plea to one count of robbery.[1]  On appeal, Warden seeks to withdraw his negotiated guilty plea and proceed to trial.  For the reasons set forth below, we affirm.

---

[1] 18 Pa.C.S. § 3701(a)(1).

The facts underlying this appeal are as follows.[2]  On October 12, 2012, at approximately 11:00 p.m., Warden approached the victim, who was talking on a cell phone outside of a bar, pressed a knife to the back of the his neck, and robbed him of his wallet and cell phone.  An employee and a patron of the bar witnessed the robbery.  The employee recognized Warden because he had been previously banned from the bar.  Warden fled the scene, and was later apprehended by police.  The bar employee identified Warden from a photo lineup.

Warden was subsequently charged with robbery (three counts), unlawful restraint, recklessly endangering another person, simple assault, theft, and receiving stolen property.[3]  On January 11, 2013, he filed a pretrial motion seeking to suppress his photo lineup identification, as well as a statement he made to police.  Following a hearing, the trial court denied the motion on May 20, 2013.  On August 6, 2013, Warden signed a written negotiated plea agreement in which he agreed to enter a guilty plea to one count of robbery in exchange for a sentence of three to six years' imprisonment, followed by four years' probation.  Additionally, the

_____

[2] These facts were gleaned from the probable cause affidavit attached to Warden's criminal complaint.  **See** Criminal Complaint, 10/15/2012, Affidavit of Probable Cause, at 1-2.

[3] 18 Pa.C.S. §§ 3701(a)(1), 2902(a)(1), 2705, 2701(a)(3), 3921(a), and 3925(a), respectively.

Commonwealth agreed to *nolle pros* the remaining charges.  At a hearing on September 25, 2013, the trial court accepted Warden's guilty plea and imposed the negotiated sentence.  No direct appeal was filed.

On April 4, 2014, Warden filed a *pro se* PCRA petition, arguing, *inter alia*, he was coerced into entering a guilty plea.  Jeffrey M. Markosky, Esq. was appointed on April 16, 2014, to assist Warden in the litigation of his petition.  However, less than one month later, on May 12, 2014, the trial court provided Warden with notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without conducting an evidentiary hearing. Markosky filed an objection to the court's Rule 907 notice, asserting (1) Warden was "coerced by his attorney" to enter a guilty plea when he intended to assert his innocence, and (2) "the Tamaqua police officers were applying pressure to Mr. Warden's girlfriend and threatening to remove her children from her custody" if he declined to accept the plea. Warden's Objection to Dismissal of Post-Conviction Relief Act Petition, 5/30/2014, at ¶¶ 1-2.  Markosky also requested the court schedule an evidentiary hearing. Nevertheless, on June 2, 2014, the PCRA court denied the petition without a hearing, finding that Warden "ha[d] not listed any witnesses nor testimony he wishe[d] to present which could in any way contradict the assertions he made under oath during his guilty plea hearing on September 25, 2013." Order, 6/2/2014.

Although still represented by PCRA counsel, Warden filed a timely, *pro se* notice of appeal, followed by a *pro se* concise statement of errors

- 3 -

complained of on appeal pursuant to Pa.R.A.P. 1925(b),[4] in which he challenged, *inter alia*, the trial court's denial of his PCRA petition without first providing appointed counsel the opportunity to supplement the petition. ***See*** Statement of Reasons for Appeal, 7/28/2014. On July 30, 2014, the PCRA court issued an order stating that it would no longer consider any *pro se* filings because Warden was represented by counsel.[5] ***See*** Order, 7/30/2014.

Thereafter, on August 22, 2014, Warden filed another *pro se* motion in the PCRA court in which he claimed (1) the PCRA court failed to file an opinion, and (2) former counsel "abdicat[ed] any and all of his lawfully mandated responsibilities[.]" Motion for the Immediate Correction of an Inavertence, (sic) that Requires Provision of a Judicial Opinion[] Where Former Counsel Caused Such Inadvertence of Legal Fact, 8/22/2014. On September 2, 2014, the PCRA court issued an order noting that it was without jurisdiction to act on the motion since Warden had filed an appeal to this Court, but that, in any event, it had filed a Pa.R.A.P. 1925(a) opinion on June 2, 2014. ***Se***e Order, 9/2/2014. Warden subsequently filed a "Motion

---

[4] We note that the PCRA court did not order Warden to file the concise statement.

[5] The order was sent to both Warden and Markosky.

for Withdrawal of Appointed Counsel," which the PCRA court promptly denied.

On October 14, 2014, after appointed counsel failed to file an appellate brief, this Court remanded the appeal to the PCRA court "for a determination as to whether counsel ha[d] abandoned [Warden] and to take further action as required to protect [Warden's] right to appeal." Order, 10/14/2014. Upon remand, the PCRA court conducted a hearing on October 29, 2014. That same day, it issued an order finding (1) Markosky had prepared and mailed briefs to all parties, but that the briefs never arrived, and (2) Markosky had not abandoned Warden. *See* Order, 10/29/2014, at 1. The PCRA court also noted Warden "agreed to [the] same but had believed that Attorney Markosky had abandoned him when he did not receive a copy of the Brief." *Id.* at 2. Further, the PCRA court directed Markosky to re-mail the briefs to the appropriate parties before October 31, 2014. Markosky complied with the PCRA court's directive, and the appeal is now before us for disposition.

On appeal, Warden challenges the ineffectiveness of plea counsel in coercing him to enter a guilty plea, and further claims he was "coerced into accepting his negotiated guilty plea" because the arresting officers threatened to remove his girlfriend's children from her care if he did not enter a plea. Warden's Brief at 7.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record

evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

As a preliminary consideration, we note that in order to obtain relief under the PCRA, a petitioner must plead and prove that his claim has not been previously litigated or waived. ***See*** 42 Pa.C.S. § 9543(a)(3). Warden's contention that he was coerced into entering a guilty plea because of threats made by police officers could have been raised on direct appeal. Therefore, Warden's decision to forego a direct appeal waives this claim for our review.[6] ***See*** 42 Pa.C.S. § 9544(c) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Warden also contends, however, that plea counsel coerced him into entering a guilty plea, which is cognizable under the PCRA, and has not been previously litigated or waived. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii).

Our review of an ineffectiveness claim is well-settled:

We begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must plead and prove, by a

---

[6] We note that Warden does **not** claim that he requested plea counsel to file a direct appeal, and counsel ignored his request.

preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To establish the third, *i.e.*, the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 259-260 (Pa. 2011) (internal citations omitted). A petitioner must demonstrate each prong of the ineffectiveness test in order to obtain relief. *Commonwealth v. Steele*, 961 A.2d 786, 800 (Pa. 2008).

Here, Warden's argument fails to address any of the ineffectiveness prongs. *See* Warden's Brief at 7-8. Moreover, he neglects to explain how plea counsel "coerced" him into entering a guilty plea. "Claims of ineffective assistance of counsel are not self-proving[,]"[7] and our Supreme Court has repeatedly refused to consider bald allegations of ineffectiveness. *Commonwealth v. Thomas*, 744 A.2d 713, 716 (Pa. 2000) (declining to find counsel ineffective "where appellant fail[ed] to allege with specificity sufficient facts in support of his claim."). Accordingly, Warden's challenge to plea counsel's ineffectiveness is also waived.

---

[7] *Commonwealth v. Spotz*, 896 A.2d 1191, 1250 (Pa. 2006) (citation omitted).

Nevertheless, even if we were to consider this claim, we note that "[a] defendant is bound by the statements made during the plea colloquy, and … may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 773 (Pa. 2013). Although we recognize the oral plea colloquy in this case was brief,[8] prior to the guilty plea hearing, Warden completed an extensive written plea agreement. **See** Memorandum of Plea Agreement, 8/6/2013, and Written Guilty Plea, 8/6/2013. In the written agreement, Warden acknowledged that it was his decision to plead guilty and he did so because "I'm guilty of said crimes & want to move on with my life[.]" Written Guilty Plea, 8/6/2013, at 4. Furthermore, he responded that he was satisfied with "the representation and advice" of his attorney, that his plea was "given freely and voluntarily without any force, threats, pressure or intimidation[,]" and that no one had said anything "that would induce [him] or put pressure on [him] to plead guilty[.]" ***Id.*** During the subsequent oral colloquy, the trial court asked Warden "whether all of the answers to the questions that [he had] provided in the [written] colloquy [were] true and accurate and correct in every respect?" to which Warden answered, "Yes." N.T.,

_____

[8] The trial court consolidated the plea hearings for a number of defendants who had negotiated plea agreements with the Commonwealth. **See generally** N.T., 9/25/2013.

9/25/2013, at 6. Moreover, he affirmatively stated that he wanted to "plead guilty." *Id.* at 7. Therefore, even if the ineffectiveness claim was not waived, Warden would be entitled to no relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2015