J-S19015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL BRODIE | |
| Appellant | No. 1691 EDA 2014 |

Appeal from the PCRA Order entered May 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0209591-2005

BEFORE:  STABILE, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 22, 2015**

Appellant, Michael Brodie, appeals from the May 28, 2014 order of the Court of Common Pleas of Philadelphia County denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the relevant facts and procedural history as follows:

> On October 13, 2005, [Appellant] pled guilty to possession with intent to deliver a controlled substance (PWID) and knowing and intentional possession of a controlled substance (K&I).  He was sentenced to one year in the County Intermediate Punishment Program, including six months of house arrest and intensive outpatient drug treatment, followed by one year reporting probation. . . .
>
> [Appellant] was arrested two more times over the next three months.  On December 6, 2005, less than two months later, [Appellant] was arrested and charged with PWID and criminal conspiracy.  He pled guilty to those charges on May 21, 2007,

and was sentenced to three years of probation. He was arrested for a third time on February 14, 2006. He was charged with yet another PWID. Those charges were subsequently dropped.

[Appellant]'s first violation of probation hearing occurred on June 29, 2007. This [c]ourt found [Appellant] to be in direct violation based on his May 21, 2007 guilty plea. This [c]ourt also determined that he was in technical violation of his probation for absconding from supervision, cutting off his electronic monitoring device during house arrest, testing positive for drug use, getting kicked out of drug treatment, failing to pay costs and fines, and failing to perform twenty hours of community service. In consideration of these circumstances, this [c]ourt revoked his IP probation and resentenced him to 11½ to 23 months county incarceration, followed by three years probation. Additionally, this [c]ourt ordered [Appellant] to complete 90 days in the Options drug program, receive his GED, and attend vocational training. This [c]ourt warned [Appellant] not to violate his probation again. If he did, the [c]ourt would impose a state sentence.

[Appellant] was released from county jail seven months later, on February 14, 2008. Two months after release, [Appellant] was arrested for a fourth time and charged with several weapons violations. He was convicted of violating the Uniform Firearms Act (VUFA), 18 Pa.C.S. § 6105[,] [c]arrying a [f]irearm as a [p]erson [p]rohibited from [u]sing or [p]ossessing [f]irearms. The Honorable Susan Schulman sentenced him to 3½ to 7 years of state incarceration followed by three years probation.

[Appellant]'s second violation of probation hearing occurred on January 28, 2009 before this [c]ourt. In addition to his repeated offenses, [Appellant]'s probation officer stated that he only reported to her once and never attended any vocational training. The [c]ourt reminded [Appellant] of its prior warning at his first violation of parole hearing. After finding [Appellant] in direct and technical violation of his probation, the [c]ourt sentenced him to 5 to 10 years incarceration, to run consecutive to any other sentence, with credit for time served.

[Appellant] appealed on February 27, 2009, challenging the discretionary aspects of his sentence with Victor Rausch, Esq., as counsel. The Pennsylvania Superior Court affirmed on October 22, 2010. Allocatur was denied on February 24, 2011.

On February 2, 2012, [Appellant] filed a *pro se* petition under the PCRA. Subsequently, on June 6, 2012, Peter A. Levin, Esq., was appointed as PCRA [c]ounsel. He filed an amended PCRA petition on [Appellant]'s behalf on December 2, 2013. The Commonwealth filed a [m]otion to [d]ismiss on March 10, 2014. On May 28, 2014, this [c]ourt dismissed the PCRA petition as meritless. On May 30, 2014, [Appellant] filed a [n]otice of [a]ppeal. In [Appellant]'s § 1925(b) response filed June 25, 2014, he alleges that he received ineffective assistance of counsel from appellate counsel because he allegedly failed to argue on direct appeal that this [c]ourt "pre-fixed" his violation of probation sentence.

Trial Court Opinion, 8/14/14 at 1-3 (citation omitted).

On appeal, Appellant raises the following issues for our review:

I. Whether the [PCRA court] was in error denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding [direct appeal] counsel's ineffectiveness.

II. Whether the [PCRA court] was in error in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 8.

For ease of discussion, we will address the ineffective assistance of counsel claim first. Appellant's ineffective assistance of counsel claim may be summarized with one sentence. Direct appeal counsel was ineffective because he "did not present the Pennsylvania Superior Court with the issue of the trial court pre-fixing the Appellant's sentence." Appellant's Brief at 17. In support, Appellant quotes two sentences the trial court proffered at the time of sentencing: "I am going to impose a sentence I promised. I promised him a consecutive [s]tate sentence of five to ten years and I am going to do that right now." N.T., 1/28/09, at 12. According to Appellant,

these statements show that the trial court had pre-fixed his sentence in violation of 42 Pa.C.S.A. § 9754(d).[1]

Counsel raised this issue in the 1925(b) statement. In its Rule 1925(a) opinion, the trial court addressed it as follows:

> This [c]ourt did not improperly "pre-fix" [Appellant]'s sentence in violation of 42 Pa.C.S. § 9754([d]). The statute states: "[t]he sentence to be imposed in the event of the violation of a condition shall not be fixed prior to a finding on the record that a violation has occurred." [Appellant] claims that at his prior violation hearing on June 29, 2007, this [c]ourt improperly "pre-fixed" his sentence at 5 to 10 years state incarceration in the event he committed another violation of his probation. After numerous requests, notes of testimony from the June 29, 2007 violation hearing cannot be located and are hopelessly unavailable, particularly since the assigned stenographer is no longer working for the [c]ourt[]. Since these notes are not available, appellate counsel cannot demonstrate that this [c]ourt, in fact, "pre-fixed" [Appellant]'s sentence. To the contrary, on June 29, 2007, this [c]ourt did not pre-fix [Appellant]'s sentence as it is not this [c]ourt's practice to do so. This [c]ourt has conducted hundreds, if not thousands, of violation hearings and routinely states that the defendant will receive a "state sentence" next time, but never states a specific length of state sentence[]. Since the notes of testimony are unavailable, there is no documentary evidence that this [c]ourt stated anything improper on the record.

Trial Court Opinion, 12/29/09, at 11-12.

On direct appeal, counsel did not renew the challenge. According to Appellant, counsel's failure to renew the issue before the Superior Court

---

[1] Section 9754(d) reads as follows: "The sentence to be imposed in the event of the violation of a condition shall not be fixed prior to a finding on the record that a violation has occurred." 42 Pa.C.S.A. § 9754(d).

amounted to ineffective assistance of counsel. Specifically, Appellant argues the claim had arguable merit because fixing a sentence is prohibited by Section 9754(d), counsel had no reasonable basis for not raising it on direct appeal, and Appellant suffered "great prejudice" from such omission. We disagree.

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination "is supported by the record and free of legal error." **Commonwealth v. Rainey**, [928 A.2d 215, 223 (Pa. 2007)] (citations omitted). To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2) . . . .

**Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Here, Appellant argues he is entitled to relief based on direct appeal counsel's ineffective assistance. We review ineffective assistance claims according to the following standard:

> To prevail on an ineffectiveness claim, appellant must establish:
>
> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> **Commonwealth v. Lesko**, [15 A.3d 345, 373-74 (Pa. 2011)] (citing **Commonwealth v. Pierce**, [527 A.2d 973, 975 (Pa. 1987)]). Failure to prove any prong of this test will defeat an ineffectiveness claim. **Commonwealth v. Basemore**, [744 A.2d 717, 738 n.23 (Pa. 2000)] (citation omitted).

*Id.* at 804.

The claim has no arguable merit. The trial court's imposition of a 5 to 10 year sentence, as "promised," does not prove anything. In fact, as also noted on direct appeal, the sentence was tailored to the specific circumstances of Appellant's case. On direct appeal we noted that the trial court "considered Appellant's criminal history, listened to recommendations from the Commonwealth and Appellant's probation officer, as well as counsel, and [the record] reflects that the trial court considered the protection of the public, the facts of the crime, the character of Appellant, and his rehabilitative needs in making its determination." ***Commonwealth v. Brodie***, No. 690 EDA 2009, unpublished memorandum at 7 (Pa. Super. filed October 22, 2010).

Counsel had a reasonable basis for not renewing a meritless challenge. First, there is no record the trial court made such a promise at the 2007 violation hearing. ***See*** Trial Court Opinion, 12/29/09, at 11. Second, and more important, as noted above, the challenge has no arguable merit. Counsel cannot be faulted for not raising a meritless claim. ***See Commonwealth v. Charleston***, 94 A.3d 1012, 1024 (Pa. Super. 2014) (citations omitted).

Finally, Appellant failed to allege and prove prejudice that but for counsel's ineffectiveness there is a reasonable probability that the outcome would have been different. Here, Appellant acknowledges that he cannot allege, let alone prove, the outcome would have been different had the issue

been raised. Appellant's Brief at 18. As such, the claim fails. ***See Fears***, ***supra***.

Given the foregoing, the trial court did not err or abuse its discretion in not holding a hearing on Appellant's ineffective assistance of counsel claim. ***See Commonwealth v. Thomas***, 744 A.2d 713, 717 (Pa. 2000). ("[B]ecause the issues raised by appellant . . . are meritless, the PCRA court acted within its discretion by denying appellant a hearing.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2015