J-S50001-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :       PENNSYLVANIA
                              :
            v.                :
                              :
                              :
DANA JAVON JOHNSON            :
                              :
         Appellant            :  No. 608 WDA 2018

Appeal from the PCRA Order April 16, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016575-2012

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY LAZARUS, J.:            FILED SEPTEMBER 20, 2019

Dana Javon Johnson appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing without a hearing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The trial court summarized the facts as follows:

The evidence presented at trial established that in the early morning hours of December 31, 2011, the victim, Donald Russell and many others were at a house party at 313 Sterling Street in the Arlington section of the City of Pittsburgh.  [Johnson] was seen at the party with Kavon Worlds and Montel Williams.  At some point, a neighbor was awakened by shouting outside and heard discussion of a gun.  Thereafter, [Johnson] was then seen again inside the party wearing an AK-47 type rifle on a strap underneath an army fatigue jacket.  There was a commotion during the party and Donald Macon observed [Johnson] pointing his rifle at the victim, Donald Russell[,] and reaching into his pockets.  Macon

_____

* Retired Senior Judge assigned to the Superior Court.

fled and seconds later, shots were fired. When Macon returned, the victim had been shot several times and was eventually pronounced dead.

Trial Court Opinion, 7/15/14, at 11.

A jury found Johnson guilty of first degree murder. He was sentenced to a mandatory sentence of life imprisonment without the possibility of parole on September 17, 2013. He timely appealed and this Court affirmed his judgment of sentence on July 10, 2015. Commonwealth v. Johnson, 1748 WDA 2013 (Pa. Super. 7/10/15) (unpublished memorandum). The Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal on December 29, 2015. Commonwealth v. Johnson, 324 WAL 2015 (12/29/15). On June 24, 2016, Johnson filed a pro se PCRA petition. Counsel was appointed and filed an amended PCRA petition on July 21, 2017. Johnson's petition was dismissed without a hearing on April 16, 2018. This timely appeal followed.

Johnson raises the following three issues for our review: "Whether the PCRA [c]ourt erred by dismissing [Johnson's] PCRA [p]etition without a hearing on the trial counsel's effectiveness: (A) for failing to provide conflict-free counsel; (B) for presenting an unauthorized defense or argument; and, (C) for failing to call an exculpatory witness, Latrese Winstead?" Appellant's Brief, at 1.

Johnson's issues concern trial counsel's effectiveness. We presume counsel was effective, and it is Johnson's burden to prove otherwise. See

Commonwealth v. Fears, 86 A.3d 795, 804 (Pa. 2014). To prevail on an ineffectiveness claim, Johnson must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Commonwealth v. Lesko, 15 A.3d 345, 373 (Pa. 2011). Johnson must prove each element; merely alleging each element is not sufficient. See Commonwealth v. Mason, 130 A.3d 601, 618 (Pa. 2015). A reasonable basis does not require that counsel chose the most logical course of action, but that the decision had some reasonable basis. Commonwealth v. Bardo, 105 A.3d 678, 684 (Pa. 2014). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." Mason, 130 A.3d at 618 (citing Strickland v. Washington, 466 U.S. 668, 684 (1984)). Counsel has broad discretion in choosing tactics and strategy. See Commonwealth v. Thomas, 744 A.2d 713, 717 (Pa. 2000).

Johnson first argues he was prejudiced by trial counsel's conflict of interest. The PCRA court found Johnson failed to show there was actual conflict, or prejudice from the alleged conflict. An appellant cannot prevail on a conflict of interest claim without a showing of actual prejudice. Commonwealth v. Collins, 957 A.2d 237, 251 (Pa. 2008). However, we presume prejudice if counsel was burdened with an "actual"—rather than

"potential"—conflict of interest. Id. To show an actual conflict of interest, Johnson must establish: 1) counsel "actively represented conflicting interests;" and 2) those conflicting interests "adversely affected his lawyer's performance." Commonwealth v. Hawkins, 787 A.2d 292, 297 (Pa. 2001) (quoting Commonwealth v. Buehl, 508 A.2d 1167, 1175 (Pa. 1986)).

Here, Johnson has failed to show trial counsel actively represented conflicting interests. While, the Allegheny Public Defender's Office had previously represented witness Donald Macon in a DUI case, Johnson's counsel did not participate in Macon's representation. Because there was no active representation of conflicting interests, trial counsel did not have an actual conflict of interest. See Hawkins, 787 A.2d at 297.

Next, Johnson claims trial counsel was ineffective for presenting an unauthorized defense to the court. Specifically, Johnson claims that counsel presented an unauthorized defense by stating in closing arguments that Johnson brought a gun to the party and Johnson was "a thug or a gangster or . . . a bad guy."[1] Appellant's Brief, at 11 (quoting N.T. Trial, 9/13/13, at 789).

_____

[1] PCRA counsel has mischaracterized trial counsel's closing argument regarding how she describe Johnson. In closing, trial counsel argued:

> it doesn't matter whether Dana Johnson is a thug or a gangster or a good guy or bad guy. What matters is what type of proof do you think is sufficient to convict an individual – any individual.

N.T. Trial, 9/13/13, at 789.

The Commonwealth correctly points out that this argument is spurious. The cases relied on by Johnson found counsel ineffective when counsel conceded guilt without permission, argued defendant was guilty of lesser offenses, or raised an insanity defense when defendant proclaimed actual innocence. See Appellant's Brief, at 11.[2] None of those situations occurred here. Johnson's counsel never argued Johnson was guilty of any crime. Counsel tried to convince the jury that Johnson was outside when the murder occurred. To do this, she relied on testimony from witnesses who both saw Johnson with a weapon and witnessed him leave the party before the murder occurred. N.T. Trial, 9/13/13, at 792-96. While counsel conceded some unfavorable facts, she did so to leave intact the credibility of witnesses on which she relied. Such strategic decisions are well within counsel's discretion. Counsel did not argue an unauthorized defense.

Johnson's final argument is that his trial attorney was ineffective for failing to call Latrese Winstead as a witness. We have previously held:

> There are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P

---

[2] With the exception of one United States Supreme Court case, the cases cited to by Johnson are from other jurisdictions and not binding on this court. The Pennsylvania Supreme Court has found counsel effective when he conceded guilt to first-degree murder in the face of overwhelming evidence. Commonwealth v. Lofton, 292 A.2d 327, 330 (Pa. 1972).

> 902(A)(15).  The second requirement is substantive.  Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial.  Commonwealth v. Carson, 559 Pa. 460, 741 A.2d 686, 707 (Pa. 1999).

Commonwealth v. Reid, 99 A.3d 427, 438 (Pa. 2014).  To show prejudice, petitioner must show he was denied a fair trial because of the absence of the testimony of the proposed witness.  Id.  To be entitled to a hearing, a petitioner must offer to prove that the result of the trial would have been different had the witness been called.  See Commonwealth v. Priovolos, 715 A.2d 420, 422 (Pa. 1998).

Johnson included a signed statement by Winstead in which she states that she was with Johnson in the kitchen at the time of the murder and that Johnson did not have a weapon.  In the statement, Winstead claims she was available and told trial counsel she was willing to testify.  Johnson has substantially complied with the procedural requirements, however, Johnson has failed to show he was prejudiced.  See id.

Trial counsel tried to convince the jury that Johnson was not in the building when the murder occurred.  Winstead's testimony would have placed him in the room directly adjacent to where the murder occurred.  This strategy choice is within counsel's discretion.  See Thomas, 744 A.2d at 717.  Johnson

has failed to show he was prejudiced when trial counsel did not call Winstead as a witness.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2019