J-S41015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID ARLINGTON ZILLHART, | |
| Appellant | No. 1905 MDA 2016 |

Appeal from the Order Entered October 25, 2016
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0001834-2014

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                       **FILED AUGUST 03, 2017**

Appellant, David Arlington Zillhart, appeals from the order of October 25, 2016, that denied, following a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Appellant claims he received ineffective assistance of plea counsel. For the reasons discussed below, we affirm the denial of the PCRA petition.

We take the underlying facts and procedural history in this matter from our review of the certified record. On January 20, 2015, Appellant entered a negotiated guilty plea to two counts of involuntary deviate sexual intercourse, one count of statutory sexual assault, one count of sexual assault, eight counts of aggravated indecent assault, twelve counts of

---

[*] Retired Senior Judge assigned to the Superior Court.

indecent assault, and two counts of corruption of minors. The charges arose out of Appellant's sexual abuse of two of his granddaughters over an approximately twelve-year period between August 1999 and April 2012.[1]

There was an approximately four-month period between entry of Appellant's plea and sentencing because of the need for a sexually violent predator (SVP) inquiry and an assessment by the Sexual Offenders' Assessment Board (SOAB). On May 26, 2015, following receipt of a pre-sentence investigation report and a SOAB report, the trial court found Appellant to be a SVP and sentenced him in accordance with the terms of the negotiated guilty plea to a term of incarceration of not less than ten nor more than forty years. Appellant did not seek to withdraw his guilty plea, did not file a post-sentence motion, and did not file a direct appeal.

On January 28, 2016, Appellant, acting *pro se*, filed the instant, timely PCRA petition alleging ineffective assistance of plea counsel. That same day, the PCRA court appointed counsel, who filed an amended PCRA petition on August 18, 2016. A PCRA hearing took place on October 25, 2016. At the hearing, Appellant raised, for the first time, a claim that plea counsel was ineffective for failing to file a suppression motion. The PCRA court denied

---

[1] A third granddaughter also disclosed that Appellant had sexually abused her during the same period. However, because the victim did not want to proceed and because Appellant elected to enter a guilty plea, the Commonwealth did not file charges with respect to her allegations. (*See* N.T. Sentencing, 5/26/15, at 6-8).

Appellant's PCRA petition from the bench, following the hearing. The instant, timely appeal followed. Appellant filed a timely concise statement of errors complained of on appeal on December 2, 2016. *See* Pa.R.A.P. 1925(b). On January 20, 2017, the PCRA court filed an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Whether [p]lea [c]ounsel was ineffective for failing to partake in any [p]re-[t]rial [i]nvestigation, where Appellant informed [p]lea [c]ounsel that he could not be guilty of the crimes for which he was charged as he was not present during the dates and times of the alleged incidents, thereby causing Appellant to enter a guilty plea where [p]lea [c]ounsel failed to [use] Appellant's alibi to aid in his defense?

2. Whether Appellant was unlawfully induced into entering a guilty plea when [p]lea [c]ounsel failed to engage in any [p]re-[t]rial investigation so as to show Appellant's innocence, where [p]lea [c]ounsel opted to rely solely upon the Commonwealth's [i]nformation and failed to file a [m]otion to [s]uppress Appellant's statement?

(Appellant's Brief, at 4).

Our standard of review for an order denying PCRA relief is well settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011), *appeal denied*, 72 A.3d 600 (Pa. 2013) (citations and quotation marks omitted).

In the instant matter, Appellant claims that he received ineffective assistance of plea counsel.[2] (*See* Appellant's Brief, at 8-18). "A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct

---

[2] While Appellant discusses his allegations as two distinct claims, they are intertwined and, therefore, we will treat them together.

pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds,* *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Jones*, *supra* at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, *supra* at 370 (citation omitted). Appellant has utterly failed to do so.

Appellant first claims that plea counsel failed to investigate a proposed alibi defense. (*See* Appellant's Brief at 8-16). However, Appellant's argument on this issue is lacking in merit. In his brief, after quoting several pages of testimony from the PCRA hearing, Appellant perfunctorily states that he could not be guilty of the crimes charged because he had an alibi. (*See id.* at 8-15). Appellant then baldly states that plea counsel's failure to investigate this defense caused him to plead guilty rather than using the alibi defense to aid him at trial. (*See id.* at 15). Appellant next avers, without explanation, that this demonstrates prejudice.

- 5 -

Initially, we note that Appellant's arguments here in support of this issue are not consistent with his testimony and argument at the PCRA hearing. At no point that we can ascertain has Appellant ever alleged that he had an alibi for the entire period of abuse, making him actually innocent of the charged crimes. (*See* N.T. PCRA hearing, 10/25/16, at 26-28). Rather, he claims that he was not residing at the address mentioned in the affidavit of probable cause during the initial periods of abuse between 1999 and January of 2002, and that between September of 2009 and June of 2011, the victims had moved out-of-state.[3] (*See id.* at 5-6, 27-28).

Further, below, Appellant never claimed actual innocence, instead he admitted at multiple points throughout the PCRA hearing that he did sexually abuse his granddaughters. (*See id.* at 17, 19, 26-28). Moreover, Appellant has never stated that he wished to go to trial; rather, he specifically testified at the PCRA hearing that he believed that he would have no chance of success at trial and was merely asking the court for "leniency." (*Id.* at 20). In addition, when pressed by the Commonwealth as to how the failure to investigate the "alibi" defense affected him, he was unable to articulate any specific impact. (*See id.* at 28-29). While PCRA counsel did argue that

---

[3] The affidavit of probable cause does clearly state that the abuse stopped when the family moved out-of-state but resumed when the family returned and moved in with Appellant. (*See* Affidavit of Probable Cause, 10/06/14, at 1).

counsel's failure to investigate his alibi defense prejudiced Appellant, she did not claim that it caused Appellant to plead guilty but vaguely stated, that pursuing it might have put the defense in a position to negotiate a more favorable sentence. (*See id.* at 35).[4]

Accordingly, we find that Appellant has failed to set forth the ineffectiveness analysis required by **Strickland**. **See Strickland**, *supra* at 687. Because Appellant has not established any of the three prongs, we must deem counsel's assistance constitutionally effective. ***See Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008) (holding that where appellant fails to prove any one of three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective). Thus, there is no

---

[4] Moreover, at the PCRA hearing, plea counsel specifically testified that Appellant never told him that he believed he had an alibi for the crimes but instead admitted his guilt and gave a detailed recitation of the abuse of his granddaughters. (**See** N.T. PCRA Hearing, 10/25/16, at 37-38). Counsel also testified that this was not the type of case that lent itself to an alibi defense; that he doubted "very strongly" that filing a partial alibi notice would have induced the Commonwealth to make a more favorable plea offer. (***Id.*** at 44). In its bench ruling denying PCRA relief, the court specifically credited defense counsel's testimony that Appellant never raised the possibility of an alibi defense. (***See id.*** at 50). We accord great deference to a PCRA court's credibility findings. ***See Commonwealth v. Dennis***, 17 A.3d 297, 305 (Pa. 2011). Further, where, as here, the record supports them; such determinations are binding on a reviewing court. ***See id.***

basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this issue.

Appellant next argues that plea counsel was ineffective for failing to investigate his innocence[5] by filing a motion to suppress his statement to the police, which resulted in him entering an unlawful guilty plea. (**See** Appellant's Brief, at 16-18). However, Appellant's argument is undeveloped. Appellant fails to cite to any pertinent case law other than boilerplate law on ineffective assistance of counsel, and merely quotes portions of his testimony at the PCRA hearing and then states, without explanation that this shows that his claim has arguable merit. (**See id.** at 17-18). He concludes that, but for counsel's failure to file a suppression motion, he would not have pleaded guilty.[6] However, Appellant never discusses any law on duress or coercion, and never explains the legal basis for his claim that he had a meritorious suppression issue. (**See id.**).

"Claims of ineffective assistance of counsel are not self-proving[.]" **Commonwealth v. Spotz**, 896 A.2d 1191, 1250 (Pa. 2006) (citation omitted). Our Supreme Court has repeatedly refused to consider bald allegations of ineffectiveness, such as this one. **See Commonwealth v.**

---

[5] As discussed above, any claim of actual innocence in Appellant's brief is belied by his repeated iterations of guilt throughout the PCRA hearing.

[6] Again, we note that the record from the PCRA hearing simply does not support the contention made on appeal that Appellant wished to go to trial in this matter.

*Thomas*, 744 A.2d 713, 716 (Pa. 2000) (declining to find counsel ineffective "where appellant fail[ed] to allege with specificity sufficient facts in support of his claim."). Thus, because Appellant has failed to argue his claim with sufficient specificity, we find it waived. Therefore, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this issue.

In any event, we have held that where the record clearly shows that the court conducted a thorough guilty plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. *See id.* At a minimum, the trial court must inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. *See id.*

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (*See* Written Guilty Plea, 1/20/15, at unnumbered page 8; N.T. Guilty Plea Hearing, 1/20/15, at 2-4). At the guilty plea hearing, Appellant testified that he understood the charges against him, was pleading guilty because he had committed the crimes charged, had signed the written guilty plea colloquy, and understood the written colloquy. (*See* N.T. Guilty Plea Hearing, at 2-3). Appellant agreed that he had no questions for his counsel, the Commonwealth, or the trial court; was satisfied with counsel's representation; and wanted to plead guilty. (*See id.* at 4).

In the written plea colloquy, Appellant agreed that he was guilty of the charged crimes; he understood the maximum sentence he could receive and that the sentences could run consecutively; he was pleading guilty of his own free will; and he was satisfied with counsel's representation. (*See*

Written Guilty Plea, **supra** at 3-5). Appellant did not make any complaints or voice any dissatisfaction with counsel's representation during the plea colloquy. (**See** N.T. Guilty Plea, at 2-4).[7]

The statements made during a plea colloquy bind a criminal defendant. **See Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. **See Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Here, Appellant has not shown that his decision to enter the guilty plea was involuntary. He has therefore failed to prove prejudice. Thus, his claim of ineffective assistance of plea counsel lacks merit.

Accordingly, we affirm the denial of Appellant's PCRA petition.

---

[7] We note that during the four-month interval between the guilty plea and sentencing Appellant did not seek to withdraw his guilty plea or make any complaints regarding counsel's stewardship. Further, Appellant did not raise the issue at sentencing, instead again admitting his guilt. (**See** N.T. Sentencing, 5/26/15, at 9; 2-28). Appellant did not file a post-sentence motion or a direct appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2017