J-S67014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IZEK EUGENE TUGGLE | : | |
| | : | No. 3799 EDA 2016 |
| Appellant | | |

Appeal from the PCRA Order November 30, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006944-2011

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 25, 2017**

Appellant Izek Eugene Tuggle appeals *pro se* from the Order entered in the Court of Common Pleas of Montgomery County on November 30, 2016, dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

The trial court aptly set forth the facts and procedural history herein as follows:

**FACTUAL HISTORY**

> In 2011, [appellant] was the target of an investigation into the distribution of controlled substances and usage of fraudulent medical prescriptions in Montgomery County. The Montgomery County Detective's Bureau gathered information about [appellant] through confidential informants, reports from other police departments, surveillance, and controlled purchases of controlled substances. Based upon the probable cause established by this

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

\*   Former Justice specially assigned to the Superior Court.

information, police applied for and received a search warrant for [Appellant's] residence. Various items were discovered during this search, including: Percocet, marijuana, blank prescription pads, and a handgun. In 2013, Appellant was convicted in a non-jury trial of person not to possess a firearm, attempting to obtain a controlled substance by fraud, manufacture of a controlled substance, possession of marijuana with intent to deliver, and possession of Percocet with intent to deliver.

During appellant's suppression hearing, Detective Vinter testified that appellant was immediately taken into custody after the search of appellant's residence. Detective Vinter testified that at some point he engaged appellant in a very brief conversation, during the course of which he asked appellant if he wanted to cooperate and give a statement. The detective testified that appellant replied that he did want to make a statement. Detective Vinter readily acknowledged that he had not informed appellant of his rights under Miranda prior to asking appellant if he was willing to cooperate with the police.

Detective Reynolds also testified during appellant's suppression hearing: specifically, that he took appellant's statement in an interview room in the Montgomery County Detective's building. Prior to taking the statement, he read the appellant his Miranda rights, and appellant then executed a written waiver of those rights. The waiver on its face explicitly advised appellant that: he had a right to remain silent and that anything he said could and would be used against him; that he had a right to consult a lawyer before being questioned and he could have a lawyer present during questioning; that if he could not afford a lawyer, a lawyer would be provided to him without cost prior to questioning; and that he had the right to refuse any questions and to stop talking at any time. After appellant executed the waiver, Detective Reynolds conducted an interview of appellant, beginning at 11:00 a.m. and ending at 11:50 a.m. The detective testified that appellant was cooperative, and that at no point did the conversation become contentious or heated and that at no point did the appellant ask to stop the interview or ask for a lawyer. Appellant testified that he was concerned that the handgun-which he denied owning-might have been used in a crime that the police would try to "pin it on me" because the handgun was discovered during a search of his residence. Appellant testified that this concern "played a major role" in his decision to waive his Miranda rights and give a statement, testifying that he thought that "if I give him statements then maybe he would stop asking me about the firearm or so." On

- 2 -

cross-examination by the attorney for the Commonwealth, appellant testified that no threats or promises were made to him to induce him to make a statement, but he asserted that he nonetheless felt "intimidated."

## PROCEDURAL HISTORY

On August 19th, 2011, appellant was arrested and accused of the following crimes: use/possession of drug paraphernalia (2 counts); receiving stolen property (14 counts); forgery - unauthorized act in writing (5 counts); manufacture, delivery, or possession with intent to manufacture or deliver (6 counts); theft by unlawful taking (14 counts); possession of firearm; possession of a controlled substance. Appellant was arraigned on November 16th, 2011. Appellant moved for suppression of evidence on January 23rd, 2013, which the trial court heard and denied in its entirety on July 15th, 2013. On July 17th, 2013, following a bench trial before the Honorable William J. Furber, the appellant was convicted of: person not to possess firearm, attempting to obtain a controlled substance, possession of a controlled substance with intent to distribute, and possession with intent to deliver.

Appellant appealed the trial court's decision to overrule the appellant's motion for suppression. Specifically, the appellant appealed the trial court's decision denying appellant's claim that his waiver of his Miranda rights was not knowing, intelligent, and voluntary. On [November 24, 2014], the Superior Court affirmed the trial court's decision and affirmed the appellant's sentence. The Superior Court reaffirmed the trial court's factual finding that Detective Vinter's testimony was credible. Appellant appealed the Superior Court's decision. On March 18th, 2015, the Pennsylvania Supreme Court denied appellant's petition for allowance of appeal.

On March 22nd, 2016, [a]ppellant filed a petition under Pennsylvania's PCRA statute. The trial court appointed counsel, who then submitted a Finley[2] letter on October 17th, 2016. Court-appointed counsel advised his client that there was no merit in any of the issues that appellant disputed. The trial court found no genuine issues of material fact. Following the no-merit letter and with no evidentiary hearing, the trial court dismissed

---

[2] The PCRA court is referencing **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Also on that date, counsel filed his Petition to Withdraw as Counsel.

appellant's PCRA petition.[3] Thereafter, appellant filed an appeal of the dismissed PCRA petition. Appellant was directed to file a concise statement pursuant to Pa.R.A.P. 1925(b); he did so untimely.[4]

Trial Court Opinion, filed 4/24/17, at 1-4 (internal citations omitted).

In his brief, Appellant presents the following Statement of the Questions Involved:

> 1.     Whether PCRA counsel erred by failing to investigate the known witness and leaving the burden of locating and contacting witness on Appellant?
>
> 2.     Whether trial/PCRA counsel caused Appellant harmful error by failing to challenge the "body" of the search warrant or the authenticity of the signatures on the affidavit/warrants?
>
> 3.     Whether trial/PCRA counsel erred by failing to investigate the approval of the search warrant applications by attorney for the Commonwealth and counsel causing harmful error by not ordering the Commonwealth to turnover [sic] any and all documents pursuant to the 60 days after the expiration of the sealed records?

---

[3] Prior to doing so, the PCRA court properly provided Notice to Appellant pursuant to Pa.R.Crim.P. 907 on October 27, 2016, and Appellant filed a *pro se* response thereto on November 25, 2016.

[4] The PCRA court's order directing Appellant to file a concise statement of errors complained of on appeal within twenty-one days was filed on December 15, 2016.  While Appellant did not file his concise statement until January 10, 2017, affixed thereto is an envelope with a postmark date of January 6, 2017, which serves as evidence of the date upon which he gave his concise statement to prison authorities for mailing. "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super. 2011) (citation omitted), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). Therefore, the trial court's statement Appellant untimely filed his concise statement is erroneous.

4.    Whether prosecution erred by withholding exculpatory evidence of the photograph(s)?

5.    Whether trial court erred by amending Ct. #8 on the Bills of Information to a different offense with a higher gravity score?

6.    Whether trial court erred by accepting information provided by non-testifying confidential sources which all alleged information falls outside of 30 days prior to the search warrant application?

7.    Whether trial court erred by finding Appellant guilty of possession of a firearm when there was no intent to exercise dominion and control?

Brief for Appellant at 5 (unnecessary capitalization omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251, 1252 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).  However, we give no such deference to the trial court's legal conclusions.  *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super 2012).

To be eligible for relief pursuant to the PCRA, an appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have

not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Appellant's first three issues challenge the effectiveness of trial and/or PCRA counsel.[5] When considering claims of counsel's ineffectiveness, we are guided by a well-settled standard of review:

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

---

[5] In its Opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court found that to the extent his allegations pertained to trial counsel's ineffective assistance, Appellant's claims were waived because he could have raised them on direct appeal "since all of his alleged grievances with his trial counsel happened during trial." Trial Court Opinion, filed 4/24/17, at 7. However, this is incorrect, for claims of ineffective assistance of counsel are properly raised on collateral review. *See Commonwealth v. Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002) (providing ineffectiveness claims are generally reserved for collateral review); *Commonwealth v. Leverette*, 911 A.2d 998, 1004 (Pa.Super. 2006) (explaining ineffectiveness claims may be raised on direct appeal only if: (1) appellant raised claim(s) in post-sentence motion; (2) evidentiary hearing was held on claim(s); and (3) record devoted to claim(s) has been developed). However, this Court is not bound by the rationale of the trial court and may affirm on any valid basis. *Blumenstock v. Gibson*, 811 A.2d 1029, 1033 (Pa.Super. 2002), *appeal denied*, 828 A.2d 349 (Pa. 2013).

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa.Super. 2008) (citations and quotation marks omitted). Appellant's second and third issues present layered claims of PCRA counsel's ineffectiveness. In this regard, we further note that:

> [I]ayered claims of ineffectiveness are not wholly distinct from the underlying claims because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa.Super. 2012) (citations and quotation marks omitted). In addition,

> a petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument ... on the three prongs of the *Pierce*[6] test as to each relevant layer of representation.

*Commonwealth v. Reaves*, 592 Pa. 134, 148, 923 A.2d 1119, 1128 (2007) (citations omitted).

Initially, Appellant asserts PCRA counsel was ineffective for failing to investigate and call an unnamed witness whom counsel allegedly knew existed and who was willing to provide a statement. Appellant's second and third claims attempt to present layered claims of ineffectiveness. Specifically,

---

[6] *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

- 7 -

Appellant maintains both trial and PCRA counsel were ineffective for failing to challenge the search warrant applications and the representations made therein. The PCRA court concluded that these claims were both unclear as to which counsel Appellant was referring and unsubstantiated because the underlying claims did not have arguable merit. The PCRA court observed that PCRA counsel investigated and contacted certain witnesses as well as addressed Appellant's post-convictions concerns and explained in his letter attached to his Petition to Withdraw as Counsel why trial counsel's actions regarding the search warrant did not rise to the level of ineffectiveness. PCRA Court Opinion, filed 4/24/17, at 8-10.

Upon our review, we agree with the PCRA court's assessment and conclude that Appellant has not developed or substantiated his bald statements to demonstrate the issues underlying his ineffectiveness claims have merit. For example, Appellant fails to name the purported witness whose signed certification PCRA counsel allegedly was insufficient for failing to obtain. Brief for Appellant at 10. In addition, Appellant presents no argument to support his conclusory statements that prior counsel caused him "[h]armful error by not objecting to the authenticity of the signatures on the warrant." Instead, he merely reproduces the point at trial at which time the search warrant and attendant affidavit of probable cause were admitted into evidence. *Id*. at 11 (citing N.T. Suppression Hearing, 7/15/13, at 86-87). Finally, Appellant provides no support for his position that prior counsel were

ineffective for failing to investigate the propriety of the warrant application process which he baldly claims resulted in prejudicial prosecutorial misconduct. *Id*. at 12.

"Claims of ineffective assistance of counsel are not self-proving [.]" *Commonwealth v. Spotz*, 587 Pa. 1, 100, 896 A.2d 1191, 1250 (2006) (citation omitted). Our Supreme Court has repeatedly refused to consider bald, undeveloped allegations of ineffectiveness such as these. *See Commonwealth v. Thomas*, 560 Pa. 249, 256, 744 A.2d 713, 716 (2000) (declining to find counsel ineffective where appellant failed to allege with sufficient specificity facts in support of his claim). Thus, because Appellant has failed to develop his claims with sufficient specificity, we find them waived, and there is no basis upon which to upset the PCRA court's finding that Appellant was not entitled to relief on these issues.

Appellant's remaining questions presented raise claims of police, prosecutorial, and judicial misconduct.[7]  First, Appellant alleges the prosecution withheld an inventory photograph as is evidenced by the trial

---

[7] We note that Appellant presents approximately one page of disjointed argument in support of each of these issues. For this reason alone we could find them waived for lack of development. Pa.R.A.P. 2119; *Commonwealth v. Steele*, 599 Pa. 341, 361, 961 A.2d 786, 797 (2008), *abrogated on other grounds*, *Pena-Rodriguez v. Colorado*, 137 S.Ct. 85, 197 L.Ed. 2d 107 (2017) (finding claims waived for lack of development where appellant failed to discuss them meaningfully, failed to set forth all prongs of ineffectiveness test, and relied upon boilerplate and rambling allegations).

testimony of Detective David Holtzman that he photographed three pill bottles discovered in a kitchen cabinet of Appellant's home. At that time, defense counsel indicated to the trial court that such a photograph was not provided to the defense in discovery. N.T. Trial, 7/16/13, at 64-65.[8]

As stated previously, to obtain PCRA relief, a petitioner must establish that the allegation of error has not been waived. 42 Pa.C.S.A. § 9543(a)(3). Appellant did not present this issue in his direct appeal. Instead, Appellant raised this issue for the first time on PCRA appeal. An issue is waived if the petitioner could have raised it but failed to do so on appeal. 42 Pa.C.S.A. § 9544(b). Clearly, Appellant became aware of this purported error at the time of trial, yet he raised only a single issue on direct appeal. [9] Accordingly,

_____

[8] Notwithstanding the question regarding this particular photograph, it was clarified that Commonwealth Exhibit No. 16 contained "a number of items including multiple bottles, as well as plastic bags containing pills." N.T. Trial, 7/16/13 at 66.

[9] On direct Appeal, Appellant raised only the following issue for this Court's review:

> Whether the trial court erred in denying [Appellant's] Motion to Suppress his statements in that such statements were not preceded by a knowing, intelligent, and voluntary waiver of **Miranda** rights as the alleged waiver was preceded by coercive questioning by Detective James Vinter of [Appellant] relating to the gun found in the premises and wanting him to cooperate with law enforcement authorities, which tainted the voluntariness of the subsequent **Miranda** waiver?

- 10 -

Appellant has waived this claim. **See** 42 Pa.C.S.A. § 9544(b); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Washington**, 592 Pa. 698, 723, 927 A.2d 586, 601 (2007).

The same is true of Appellant's fifth and sixth claims wherein he asserts the trial court erred in permitting the Commonwealth to amend the Bills of Information prior to the start of trial and in "accepting information" of a non-testifying witness. Appellant did not present these issues to the trial court at the proper juncture during trial or in his direct appeal; thus, he has waived these substantive claims. 42 Pa.C.S.A. § 9544(b); **Washington**, **supra**.

Appellant's final issue presents a challenge to the sufficiency of the evidence to sustain his conviction for possession of a firearm. Straightforward challenges to the sufficiency and weight of the evidence are not enumerated errors listed in the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(i–viii). In addition, an appellant generally may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting them on direct appeal. **Commonwealth v. Price**, 876 A.2d 988, 995 (Pa.Super. 2005), *appeal denied*, 587 Pa. 706, 897 A.2d 1184 (2006), *cert. denied*, 549 U.S. 902, 127 S.Ct. 224, 166 L.Ed.2d 179 (2006) (holding petitioner's challenge to

---

**Commonwealth v. Tuggle**, No. 218 EDA 2014, unpublished memorandum at 6 (Pa.Super. filed November 21, 2014).

sufficiency of evidence is not cognizable under PCRA); **Commonwealth v. Bell**, 706 A.2d 855 (Pa.Super. 1998), *appeal denied*, 557 Pa. 624, 732 A.2d 611 (1998) (stating sufficiency of evidence claims are not cognizable under PCRA). Appellant raised a challenge to the sufficiency of the evidence for the first time on PCRA appeal, although he was aware of the evidence the Commonwealth had presented to support each of his convictions at the conclusion of trial and, thus, could have raised this claim on direct appeal. Therefore, in light of the foregoing, we deem Appellant's challenge to the sufficiency of the evidence to be waived. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017