J-S61033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAHEEM MEEKINS, | |
| Appellant | No. 1354 EDA 2017 |

Appeal from the PCRA Order March 24, 2017
in the Court of Common Pleas of Northampton County
Criminal Division at No.: CP-48-CR-0003590-2014

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 05, 2017**

Appellant, Raheem Meekins, appeals from the order of March 24, 2017, which dismissed, following a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant claims he received ineffective assistance of trial counsel. For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the PCRA court's March 24, 2017 opinion, and our independent review of the certified record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 21, 2014, Appellant, drunk and believing that his girlfriend was cheating on him, attacked her. (*See* N.T. Trial, 5/04/15, at 23-31, 35). Appellant grabbed the victim by the hair, pushed her to the ground and began hitting her. (*See id.* at 35). He threatened to kill the victim and put his hands around her neck and squeezed. (*See id.* at 35-36).

City of Bethlehem Police Department Patrol Officer Christopher Kopp and then trainee Patrol Officer Michael Koblish received a call about a possible domestic incident in progress. (*See* N.T. Trial, 5/05/15, at 18-19). When they responded to the scene an unknown man standing on the sidewalk directed them towards the victim's residence. (*See id.* at 19-21). When they approached the door, Officer Kopp heard the sounds of a scuffle; he knocked on the door, which swung open. (*See id.* at 22). He observed Appellant straddling the victim with his hands around her neck. (*See id.* at 23-24). He ordered Appellant to get off of the victim and then moved him away from the victim. (*See id.* at 27-28). The victim was crying hysterically and told Officer Kopp that "he tried to kill me." (*Id.* at 28-29). Officer Kopp noticed that the victim had bruises around her neck, blood in her left eye, difficulty breathing, and she began to vomit. (*See id.* at 29). He noted that there was blood in the vomit. (*See id.*).

Officer Koblish followed Officer Kopp into the residence. (*See* N.T. Trial, 5/04/15, at 81-82). After helping to secure Appellant, Officer Koblish made contact with the victim. (*See id.* at 86). At trial, he testified that she was

"hysterical, crying . . . begging for . . . help." (*Id.* at 88). He stated that she was vomiting so frequently and violently that he was unable to administer oxygen to her, and that he observed blood in the vomit and blood coming out of her eyes. (*See id.* at 86-88). The victim stated to him, "he tried to kill me; please help, I don't want to die." (*Id.* at 86).

On January 9, 2015, the Commonwealth filed a criminal information. A trial took place on May 4-5, 2015. As well as the testimony discussed above, at trial, emergency room physician Lien Nguyen, D.O., testified. (*See* N.T. Trial, 5/05/15, at 3-17). Dr. Nguyen stated that she treated the victim on the evening in question. (*See id.* at 7). She noted that patients are rated on an emergency severity index from five for the least serious injuries and one for the most severe; the victim was triaged as a two. (*See id.* at 9-10). Dr. Nguyen also testified that the victim had reported vomiting after the incident. (*See id.* at 11). At trial, the Commonwealth also introduced photographs taken of the victim that night, including a photograph of her pants with vomit on them, and photographs taken approximately ten days later, in which her injuries were still visible. (*See* N.T. Trial, 5/04/15, at 41-44, 49-53).

The jury convicted Appellant of aggravated assault, simple assault, terroristic threats, and reckless endangerment; the trial court convicted Appellant of the summary offense of harassment.[1] The jury acquitted

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2706(a)(1), 2705, 2709(a)(1).

Appellant of the charges of attempted murder and a second count of aggravated assault.

On July 22, 2015, the trial court sentenced Appellant to an aggregate term of incarceration of not less than six nor more than twenty years. Appellant filed a direct appeal but ultimately discontinued it.

On July 1, 2016, Appellant, acting *pro se*, filed a timely PCRA petition. The PCRA court subsequently appointed counsel, who filed an amended PCRA petition on September 23, 2016. An evidentiary hearing took place on December 21, 2016. Trial counsel and Appellant both testified at the hearing. On March 24, 2017, the court dismissed Appellant's PCRA petition.

On April 20, 2017, Appellant filed a timely notice of appeal. On April 21, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on April 25, 2017. *See id.* On April 27, 2017, the PCRA court issued a memorandum opinion adopting its March 24, 2017 opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

A. [Was trial counsel] ineffective for failing to object to the admission of irrelevant and unduly prejudicial evidence[?]

B. [Was trial counsel] ineffective for failing to object to the admission of hearsay testimony[?]

C. [Was trial counsel] ineffective for failing to adequately prepare for trial[?]

(Appellant's Brief, at 4).

- 4 -

Our scope and standard of review are well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes–Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015) (internal citations and quotation marks omitted).

To obtain relief under the PCRA on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009) (citing 42 Pa.C.S.A. § 9543(a)(2)(ii)). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* (citation omitted). This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *See id.* at 533; **see also** *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." *Id.* (citations omitted). In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *See Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004) (citation omitted).

Moreover, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action "was reasonably based and was not the result of sloth or ignorance of available alternatives." *Commonwealth v. Collins*, 545 A.2d 882, 886 (Pa. 1988) (citations omitted). "[C]ounsel's approach must be so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862–63 (Pa. Super. 2000), *appeal denied*, 793 A.2d 904 (Pa. 2002), *cert. denied*, 536 U.S. 939 (2002) (citation omitted). Our Supreme Court has defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of

effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (citation omitted); ***see also Commonwealth v. Clark***, 626 A.2d 154, 157 (Pa. 1993) (explaining that defendant asserting ineffectiveness based upon trial strategy must demonstrate that "alternatives not chosen offered a potential for success substantially greater than the tactics utilized") (citation omitted). "[A] defendant is not entitled to appellate relief simply because a chosen strategy is unsuccessful." ***Commonwealth v. Buksa***, 655 A.2d 576, 582 (Pa. Super. 1995), *appeal denied,* 664 A.2d 972 (Pa. 1995) (citation omitted).

In his first and second issues, Appellant contends that trial counsel was ineffective for failing to object to: 1) testimony by the victim, Officers Kopp and Koblish, and Dr. Nguyen regarding her vomiting, 2) the admission of a photograph showing the victim's pants with vomit on them, and 3) the statements made by the victim to Officer Koblish that Appellant wanted to kill her. (***See*** Appellant's Brief, at 12-17).[2] Appellant claims that the evidence of the victim's post-assault vomiting and the photograph were both irrelevant and inflammatory. (***See id.*** at 12-15). He maintains that the evidence regarding her statement to the police that Appellant was trying to kill her was inadmissible hearsay. (***See id.*** at 15-17).

---

[2] We note that Appellant does not cite to the record and does not quote the objectionable testimony in the argument section of his brief. (***See*** Appellant's Brief, at 12-17).

In the instant matter, we need not address the first two prongs of the

**Strickland** test because Appellant has failed to show prejudice.  Instead, with

respect to the testimony regarding the vomiting, the photograph, and the

threatening statements, Appellant baldly states:

> The Commonwealth's presentation of irrelevant, cumulative evidence of [the victim's] serial vomiting following the alleged assault undoubtedly prejudiced the jury against [Appellant]. . . The evidence about [the victim] vomiting—and expelling vomit mixed with blood—was devastatingly graphic and disturbing.  It surely tainted the minds and of the jurors against [Appellant]. Accordingly, but for the introductions of that evidence, [Appellant] would have likely been acquitted at trial.
>
> * * *
>
> . . . The cumulative effect of this testimony, as well as the testimony about the vomit and the description of the event prejudiced the jury against [Appellant].  Without this evidence, [Appellant] would likely have been acquitted of the charges.

(Appellant's Brief, at 14-15, 17).

Our Supreme Court has stated, "[c]laims of ineffective assistance of

counsel are not self-proving[.]"  **Commonwealth v. Spotz**, 896 A.2d 1191,

1250 (Pa. 2006) (citation omitted).  Here, Appellant has utterly failed to

explain how brief references to vomiting and a single photograph of pants with

vomit on them prejudiced him or how the result would have been different in

light of the overwhelming evidence against him.  That evidence included the

victim's testimony; the testimony of both police officers about her visible

injuries and the lack of injuries to Appellant; the testimony of Officer Kopp

that he saw Appellant straddling the victim with his hands around her neck;

and photographs of the victim's injuries taken both that evening and approximately ten days later. Moreover, the record reflects that, despite the considerable evidence against him, the jury acquitted Appellant of two of the most serious charges.

Our Supreme Court has repeatedly refused to consider bald allegations of ineffectiveness, such as this one. *See Commonwealth v. Thomas*, 744 A.2d 713, 716 (Pa. 2000) (declining to find counsel ineffective "where appellant fail[ed] to allege with specificity sufficient facts in support of his claim."). Thus, because Appellant has failed to make sufficiently specific allegations of prejudice, he has not shown that counsel was ineffective on these bases. *See Johnson*, *supra* at 532; *see also Travaglia*, *supra* at 357. Therefore, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on his first and second issues.

In his final claim, Appellant contends that trial counsel was ineffective for failing to "adequately prepare with [Appellant] prior to trial." (Appellant's Brief, at 17). Appellant has waived this claim. Appellant's argument on this issue consists of two paragraphs. (*See id.*). The first paragraph is boilerplate law on counsel's duty to prepare for trial. (*See id.*). The second paragraph, which is utterly devoid of citation to either the trial record or the PCRA hearing, is made up of a bald, conclusory statement that Appellant was prejudiced by counsel's failure to meet with him more than once; and a brief sentence provided with neither context nor evidentiary support, that, had counsel met

with Appellant more frequently he would have been in possession of information regarding the victim's mental "state," which would have allowed him to impeach her testimony at trial.[3] (*Id.*).

Appellant has failed to plead and prove the ineffectiveness analysis required by **Strickland**. **See Strickland**, *supra* at 687. Because Appellant has not established any of the three prongs, we must deem counsel's assistance constitutionally effective. **See Commonwealth v. Rolan**, 964 A.2d 398, 406 (Pa. Super. 2008) (holding that where appellant fails to address three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective). Thus, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.[4]

_____

[3] We note that counsel did cross-examine the victim about her mental state including whether she had been drinking or using illegal drugs that evening, whether she was taking prescription medication, and her mental health diagnoses. (**See** N.T. Trial, 5/04/15, at 55-58). Appellant does not explain what further information he possessed that would have aided counsel in his cross-examination.

[4] Moreover, we note that, at the PCRA hearing, trial counsel testified that he met with Appellant several times prior to trial. (**See** N.T. PCRA Hearing, 12/21/16, at 5-8). Appellant initially testified that counsel met with him two to three times then, after being prompted by PCRA counsel, claimed that counsel only met with him once. (**See id.** at 45-46). The PCRA court credited counsel's testimony and did not credit Appellant's testimony. (**See** PCRA Court Opinion, 3/24/17, at 6-7). It is settled that "[a] PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." **Commonwealth v. Orlando**, 156 A.3d 1274, 1280 (Pa. Super. 2017)

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2017

---

(citation omitted).  Thus, as the record supports the PCRA court's finding, we have no basis to disturb it.